# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT WINCHESTER

| | | |
|---|---|---|
| WILLIAM CORDELL MILLER, | ) | |
| | ) | Case No. 4:16-CV-42 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Susan K. Lee |
| WARREN COUNTY JAIL, | ) | |
| | ) | |
| *Defendant*. | ) | |

## MEMORANDUM OPINION

Before the Court is Plaintiff's pro se complaint under 42 U.S.C. § 1983 [Doc. 1] and motion for leave to proceed *in forma pauperis* [Doc. 4]. For the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4] will be **GRANTED**, and Plaintiff's complaint will be **DISMISSED** *sua sponte*.

## I. FILING FEE

Under the Prison Litigation Reform Act ("PLRA"), any prisoner who files a complaint in a district court must tender the full filing fee or file (1) an application to proceed *in forma pauperis* without prepayment of fees and (2) a certified copy of their inmate trust account for the previous six-month period. 28 U.S.C. § 1915(a)(2). Plaintiff submitted a fully compliant application to proceed *in forma pauperis* on May 25, 2016 [Doc. 4], and it appears from the application that Plaintiff lacks sufficient financial resources to pay the $350.00 filing fee. Accordingly, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4] is **GRANTED** and, pursuant to 28 U.S.C. § 1915, the Clerk is **DIRECTED** to file this action without the prepayment of costs or fees or security therefor as of the date the Complaint was received.

Because Plaintiff is currently confined at the Warren County Jail, he is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(2), the custodian of Plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, twenty percent (20%) of the Plaintiff's preceding monthly income (or income credited to the Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum to the Warren County Jail to ensure that the custodian of Plaintiff's trust account complies with that portion of the PLRA relating to payment of the filing fee. The Clerk is **DIRECTED** to forward a copy of this Memorandum to the Court's financial deputy.

## II.     BACKGROUND

Plaintiff filed this complaint under 42 U.S.C. § 1983 on May 25, 2016, against Defendant Warren Count Jail [Doc. 1 p. 1]. Plaintiff claims that during his incarceration at the Warren County Jail, his federal mail was tampered with, government postage was illegally taxed, and a jail administrator refused to provide him with a notary [*Id.*]. The substance of the complaint alleges, in its entirety:

1) I received a legal letter from C/O Chris Oden which was already opened.
2) I ordered a book of ten stamps which were posted at $4.90 and I was taxed and charged $5.19. To my understanding federal postage can NOT be taxed.
3) I asked Evonne McGuinness who is a certified notary public to notarize my lawsuit papers and she refused to do so once I told her who the lawsuit was against.

[*Id.* at 2]. As relief for these alleged constitutional violations, Plaintiff requests that the jail be reprimanded, that two jail employees be suspended or terminated, and seeks compensation for his pain and suffering [*Id.* at 3].

## III. ANALYSIS

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss those that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See Benson v. O'Brian*, 179 F.3d 1014, 1015–16 (6th Cir. 1999) ("Congress directed the federal courts to review or 'screen' certain complaints *sua sponte* and to dismiss those that failed to state a claim upon which relief could be granted [or] . . . sought monetary relief from a defendant immune from such relief."). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). However, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M&G Polymers,* 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin,* 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

To state a claim under 42 U.S.C. § 1983, Plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th

3

Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere."). In other words, Plaintiff must plead facts sufficient to show: (1) the deprivation of a right, privilege, or immunity secured to him by the United States Constitution or other federal law; and (2) that the individual responsible for such deprivation was acting under color of state law. *Gregory v. Shelby Cty.*, 220 F.3d 433, 441 (6th Cir. 2000).

At the outset, Plaintiff has named a non-suable entity under 42 U.S.C. § 1983 as the sole Defendant in this case [Doc. 1 p. 1]. The Warren County Jail is a building that serves as a place of confinement for those in custody, and it is not a "person" under § 1983. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 689–90 n.53 (1978) (finding that only "bodies politic" are "persons" who can be sued under 42 U.S.C. § 1983); *Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that "the Shelby County Jail is not an entity subject to suit under §1983") (citing *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991)); *Cage v. Kent Cty. Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (stating that "[t]he district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983"). Thus, the Warren County Jail will be **DISMISSED** as a Defendant in this action.

Additionally, even if Plaintiff were given leave to amend his complaint to bring suit against proper Defendants, Plaintiff's factual allegations fail to state a claim for relief under § 1983. First, with respect to Plaintiff's claims regarding the taxation of stamps at the Warren County Jail, "[c]ommissary pricing does not implicate constitutional concerns." *See Newell v. Ruth*, No. 1:11–CV–86, 2014 WL 4411045, at *9 (E.D. Tenn. Sept. 8, 2014) (collecting cases).

Therefore, "[a]s to Plaintiff's first claim, his challenge to the overcharging of stamps, a prisoner does not have 'a constitutionally protected interest in buying stamps as cheaply as possible, as there is simply no legal basis for a demand that inmates be offered items for purchase at or near cost.'" *Moss v. Curry*, No. 4:09-CV-P33-M, 2009 WL 3334907, at *2 (W.D. Ky. Oct. 15, 2009) (quoting *McCall v. Keefe Supply Co.*, 71 F. App'x 779, 780 (10th Cir. 2003)) (additional internal citation and quotation marks omitted). Plaintiff's claims that the Warren County Jail unconstitutionally taxed the purchase of stamps thus fail to state a claim for relief under § 1983, and will be **DISMISSED**.

Plaintiff also alleges that a jail administrator refused to notarize documents related to his lawsuit [Doc. 1 p. 2]. Prisoners have a constitutional right of access to the courts. *Bounds v. Smith,* 430 U.S. 817, 821 (1977). However, the right of access to the courts has never been equated with unlimited access to legal materials and assistance. *See Walker v. Mintzes,* 771 F.2d 920, 932 (6th Cir. 1985). In order to state a claim for interference with access to the courts, a plaintiff must show "actual injury" and prejudice. *Thaddeus–X v. Blatter,* 175 F.3d 378, 394 (6th Cir. 1999) (citing *Lewis v. Casey,* 518 U.S. 343, 351 (1996)); *see, e.g.*, *Moore v. Chavez*, 36 F. App'x 169, 171 (6th Cir. 2002) ("Although prisoners have a constitutional right of meaningful access to the courts, a prisoner must demonstrate actual prejudice to pending or contemplated litigation to state a claim."). Therefore, a plaintiff "must plead and prove prejudice stemming from the asserted violation, [such as] the late filing of a court document or the dismissal of an otherwise meritorious claim." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

In the present case, Plaintiff fails to allege actual injury or prejudice resulting from the failure of the jail administrator to notarize certain documents. *See Lewis*, 518 U.S. at 351; *see, e.g.*, *Harbin–Bey v. Rutter,* 420 F.3d 571, 578 (6th Cir. 2005) ("Examples of actual prejudice to

pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline."). Therefore, Plaintiff's claim that a jail administrator refused to notarize documents related to his lawsuit also fails to state a claim for relief under § 1983, and will be **DISMISSED**. *See, e.g.*, *Odom v. Lynn*, No. 4:13-CV-P60-R, 2013 WL 5504167, at *5 (W.D. Ky. Oct. 2, 2013) (holding the plaintiff's access-to-court claims, including claims that the defendants "refused to mail legal mail and notarize documents," failed to state a claim for relief under § 1983 as the plaintiff failed to allege prejudice).

Lastly, Plaintiff also claims that he received a piece of legal mail that was already opened [Doc. 1 p. 2]. Prisoners maintain a First Amendment right to send and receive mail. *See Procunier v. Martinez,* 416 U.S. 396, 408–409 (1974), *overruled in part on other grounds by Thornburgh v. Abbott,* 490 U.S. 401, 407 (1989); *Jones v. N.C. Prisoners' Labor Union, Inc.,* 433 U.S. 119 (1977). An inmate's exercise of constitutional rights is necessarily limited, however, "both from the fact of incarceration and from valid penological objectives—including deterrence of crime, rehabilitation of prisoners, and institutional security." *Pell v. Procunier,* 417 U.S. 817, 822–23 (1974)

Plaintiff's accusation that his mail was searched on one occasion is insufficient to state a claim for a violation of his constitutional rights. A single, isolated interference with Plaintiff's mail does not establish a constitutional violation. *See Johnson v. Wilkinson*, 229 F.3d 1152 (Table), 2000 WL 1175519, at *2 (6th Cir. Aug. 11, 2000) (holding that one isolated incident of interference with mail did not violate plaintiff's constitutional rights) (citing *Gardner v. Howard*, 109 F.3d 427, 431 (8th Cir. 1997)); *see, e.g.*, *Colvin v. Caruso*, 605 F.3d 282, 293 (6th Cir. 2010) (citing *Johnson* for the holding that "isolated incidents" of interference with prisoners' rights do not rise to the level of a First Amendment violation); *Okoro v. Scibana*, 63 F. App'x

182, 184 (6th Cir. 2003) ("Such a random and isolated incident [of mail interference] is insufficient to establish a constitutional violation."); *Lloyd v. Herrington*, No. 4:11-CV-P128-M, 2011 WL 6026661, at *2 (E.D. Ky. Dec. 2, 2011) (collecting cases to hold that plaintiff's allegations "that one piece of incoming legal mail was opened outside of his presence" fail to state a claim for relief under § 1983). Further, Plaintiff fails to allege prejudice required to assert a violation of his right of access to the courts under the First Amendment. *See Truss-El v. Bouchard*, 103 F. App'x 575, 577 (6th Cir. 2004) (upholding dismissal of prisoner's claim against prison officials based on alleged interference with his legal mail where he did not demonstrate any prejudice to pending or contemplated litigation). Accordingly, Plaintiff's claim that his legal mail was opened fails to state a claim for relief under § 1983, and will be **DISMISSED**.

## IV.  CONCLUSION

For the reasons set forth above, Plaintiff's motion to proceed *in forma pauperis* [Doc. 4] is **GRANTED**. Nonetheless, Plaintiff will be **ASSESSED** the filing fee of three hundred and fifty dollars ($350) and shall follow the procedures as outlined in this Memorandum Opinion.

Although this Court is mindful that a pro se complaint is to be liberally construed, *Haines v Kerner*, 404 U.S. 519, 510–21 (1972), it is clear that Plaintiff has not alleged the deprivation of any constitutionally protected right, privilege, or immunity, and thus, the Court finds his claims to be frivolous under 28 U.S.C. §§ 1915(e) and 1915A. Therefore, Plaintiff's complaint and the present action will be **DISMISSED** *sua sponte* for failure to state a viable claim for relief under 42 U.S.C. § 1983. Finally, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24.

7

**AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**